TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Benjamin Johnson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA (PHOENIX)

| | |
|---|---|
| Benjamin Johnson, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMAND** |
| Bureau of Medical Economics, | |
| Defendant. | |

NOW COMES THE PLAINTIFF, BENJAMIN JOHNSON, BY AND

THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the

Defendant, pleads as follows:

1

**JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

**VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Tempe, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

**PARTIES**

4. Plaintiff is a natural person residing in the City of Tempe, Maricopa County, Arizona.

5. The Defendant to this lawsuit is Bureau of Medical Economics ("Defendant"), which is a domestic corporation that conducts business in the State of Arizona.

**GENERAL ALLEGATIONS**

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to a third party in the amount of $170.00 ("the alleged Debt").

7. Plaintiff disputes the alleged Debt.

8. On July 22, 2021, Plaintiff obtained his Trans Union credit disclosure and noticed that Defendant was reporting the alleged Debt as a collection item.

9. On or about September 13, 2021, Plaintiff submitted a letter to Defendant, disputing the alleged Debt.

10. On September 18, 2021, a prospective lender, Synchrony Bank, obtained Plaintiff's Trans Union credit file.

11. On October 27, 2021, Plaintiff obtained his Trans Union credit disclosure, which showed that Defendant last reported the tradeline reflected by the collection item to Trans Union on October 2, 2021, and failed or refused to flag the tradeline as disputed, in violation of the FDCPA.

12. In the credit reporting industry, data furnishers, such as Defendant, communicate electronically with the credit bureaus.

13. Defendant had more than ample time to instruct Trans Union to flag its collection item as disputed.

14. Defendant's inaction to have its collection item on Plaintiff's Trans Union credit report flagged as disputed was either negligent or willful.

15. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions.  Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for him to obtain employment, housing, and credit for his day-to-day needs. His credit report continues to be damaged due to Defendant's failure to properly report the associated collection item.

**VIOLATION OF**

**THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged Debt violated 15 U.S.C. §1692e(8) of the FDCPA by reporting credit information which is known to be false, including the failure to communicate that a disputed debt is disputed.

21. Plaintiff has suffered harm and damages at the hands of Defendant, and this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as Plaintiff, by Congress.

22. Defendant's failure to flag its collection item as disputed on Plaintiff's consumer credit file is humiliating and embarrassing to Plaintiff, as it creates a false impression to users of his credit report that he has simply ignored this debt

when, in fact, he disputes its validity.  Again, Defendant's failure or refusal to flag the alleged Debt as disputed depresses Plaintiff's credit score.

23. In addition, as a direct and proximate cause of Defendant's failure of its statutory obligations under the FDCPA, Plaintiff has suffered emotional distress, including mental anguish, suffering, humiliation, and embarrassment.

24. Plaintiff's emotional distress has also resulted in the physical harm of Plaintiff losing sleep over his worry and anxiety.

25. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against Defendant:

a.  Actual damages;

b.  Statutory damages; and

c.  Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1  DATED:  February 28, 2022

2

3                                              KENT LAW OFFICES

4

                                               By: */s/   Trinette G. Kent*
5                                              Trinette G. Kent
                                               Attorneys for Plaintiff,
6                                              Benjamin Johnson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28